**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-4303

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MICHAEL DANIEL HAMMONDS,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Rock Hill. Cameron McGowan Currie, District Judge. (CR-02-535)

Submitted: June 10, 2005          Decided: July 13, 2005

Before LUTTIG, WILLIAMS, and GREGORY, Circuit Judges.

Affirmed in part; vacated and remanded in part by unpublished per curiam opinion.

William N. Nettles, Columbia, South Carolina, for Appellant. J. Strom Thurmond, Jr., United States Attorney, Rose Mary Parham, Assistant United States Attorney, Florence, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Michael Daniel Hammonds pled guilty to armed robbery in violation of 18 U.S.C. §§ 1951(a), 2 (2000) ("Count One"); armed robbery in violation of 18 U.S.C. § 2113(a), (d) (2000) ("Count Three"); and, attempted armed robbery in violation of 18 U.S.C. § 2113(a) (2000) ("Count Six"). The district court sentenced Hammonds to the statutory maximum on each count; 240 months' imprisonment for Counts One and Six and 300 months' imprisonment for Count Three. This sentence was based, in part, on the court's findings concerning characteristics of the offense and Hammonds' prior criminal history.

Citing <u>Blakely v. Washington</u>, 124 S. Ct. 2531 (2004), Hammonds asserts for the first time on appeal that his sentence is unconstitutional.[1] Specifically, Hammonds challenges each of the enhancements applied to his sentence. Hammonds appeals the two-level increase that was applied because property of a financial institution was taken or was intended to be taken; the six-level increase that was applied because the court found that a firearm

---

[1] On appeal, Hammonds also appears to assert claims of ineffective assistance of counsel, which are generally not cognizable on direct appeal. To allow for adequate development of a record, Hammonds must bring such claims in a 28 U.S.C. § 2255 (2000) motion, unless the record conclusively establishes ineffective assistance. <u>United States v. Richardson</u>, 195 F.3d 192, 198 (4th Cir. 1999); <u>United States v. King</u>, 119 F.3d 290, 295 (4th Cir. 1997). We find that Hammonds has failed to meet the high burden necessary to raise ineffective assistance of counsel on direct appeal.

was used in the commission of the offense; the two-level increase that was applied because individuals were physically restrained to facilitate the commission of the crime or his escape; and the two-level increase that was applied because the loss in Count Three exceeded $50,000.

In United States v. Booker, 125 S. Ct. 738 (2005), the Supreme Court held that the federal Sentencing Guidelines, under which courts were required to impose sentencing enhancements based on facts found by the court by a preponderance of the evidence, violated the Sixth Amendment because of their mandatory nature. Id. at 746, 750 (Stevens, J., opinion of the Court). The Court remedied the constitutional violation by making the Guidelines advisory through the removal of two statutory provisions that had rendered them mandatory. Id. at 746 (Stevens, J., opinion of the Court); id. at 756-57 (Breyer, J., opinion of the Court). Although Hammonds did not raise this Sixth Amendment challenge at sentencing, this court has held that a mandatory enhancement based on judicial factfinding supported by a preponderance of the evidence constitutes plain error warranting correction. United States v. Hughes, 401 F.3d 540, 547-48 (4th Cir.2005) (citing United States v. Olano, 507 U.S. 725, 731-32 (1993)).

Based on a careful review of the record, we find that Hammonds was charged in the second superseding indictment with and/or admitted to the facts underlying his sentencing enhancements

based on (1) property taken from a financial institution; (2) the amount of money taken from the financial institution; and, (3) the physical restraint of employees to facilitate the commission of the crime or his escape. Nevertheless, Hammonds also disputes the six-level enhancement that was applied to his sentence for the use of a "firearm," stating that a toy weapon and a BB gun were actually used in the commission of the robberies. At sentencing, the district court found, by a preponderance of the evidence, that the weapon used in the robberies was a firearm and not a BB gun. The court was persuaded by the testimony of the bank tellers, bank surveillance photographs, and evidence obtained from a pattern of robberies that occurred prior to the instant appeal. In light of Booker and Hughes, we therefore find that the district court plainly erred in sentencing Hammonds.[2]

Accordingly, we affirm Hammonds' conviction, but vacate his sentence and remand for proceedings consistent with Hughes.[3]

---

[2]We of course offer no criticism of the district judge, who followed the law and procedure in effect at the time of Hammonds' sentencing.

[3]Although the Sentencing Guidelines are no longer mandatory, Booker makes clear that a sentencing court must still "consult [the] Guidelines and take them into account when sentencing." 125 S. Ct. at 767. On remand, the district court should first determine the appropriate sentencing range under the Guidelines, making all factual findings appropriate for that determination. Hughes, 401 F.3d at 546. The court should consider this sentencing range along with the other factors described in 18 U.S.C. § 3553(a) (2000) and then impose a sentence. Id. If that sentence falls outside the Guidelines range, the court should explain its reasons for the departure as required by 18 U.S.C. § 3553(c)(2). Id. The

<u>Id.</u> at 546 (citing <u>Booker</u>, 125 S. Ct. at 764-65, 767 (Breyer, J., opinion of the Court)).  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART</u>;
<u>VACATED AND REMANDED IN PART</u>

---

sentence must be "within the statutorily prescribed range and . . . reasonable."  <u>Id.</u> at 547.