**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 05-4897**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MICHAEL DANIEL HAMMONDS,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Rock Hill.   Cameron McGowan Currie, District Judge.   (CR-02-535)

Submitted:  April 26, 2006            Decided:  June 6, 2006

Before LUTTIG,[*] WILLIAMS, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Joshua Snow Kendrick, JOSHUA SNOW KENDRICK, P.C., Columbia, South Carolina, for Appellant.  Rose Mary Parham, Assistant United States Attorney, Florence, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

     *Judge Luttig was a member of the original panel but did not participate in this decision.  This opinion is filed by quorum of the panel pursuant to 28 U.S.C. § 46(d).

PER CURIAM:

Michael Daniel Hammonds appeals his resentencing following this court's remand. See United States v. Hammonds, 139 F. App'x 486 (4th Cir. 2005) (unpublished). For the reasons stated below, we affirm Hammonds' 300-month sentence.

Hammonds pled guilty to armed robbery interfering with interstate commerce in violation of 18 U.S.C. §§ 1951(a), 2 (2000); armed bank robbery in violation of 18 U.S.C. § 2113(a), (d) (2000); and attempted armed bank robbery in violation of 18 U.S.C. § 2113(a) (2000). Hammonds received two sentences of 240 months' imprisonment and one sentence of 300 months' imprisonment, all to be served concurrently.

Hammonds appealed, alleging claims of ineffective assistance of counsel, and challenging his four sentencing enhancements under Blakely v. Washington, 542 U.S. 296 (2004). We affirmed Hammonds' convictions, but vacated his sentence and remanded for resentencing because Hammonds' six-level sentencing enhancement for use of a firearm violated United States v. Booker, 543 U.S. 220 (2005). On remand, the district court limited its reconsideration to the firearm enhancement. The district court, noting that the sentencing guidelines were advisory, overruled Hammonds' objection to the six-level enhancement for use of a firearm and imposed the identical 300-month sentence, which it concluded was reasonable.

Hammonds appealed, and his attorney filed a brief in accordance with <u>Anders v. California</u>, 386 U.S. 738 (1967), questioning whether: (1) the mandate rule precludes consideration of any issues other than Hammonds' sentencing enhancement for use of a firearm; and (2) Hammonds' sentence was reasonable under <u>Booker</u>. Hammonds was informed of the opportunity to file a pro se supplemental brief, but declined to do so. The Government did not file a brief.

The mandate rule "forecloses relitigation of issues expressly or impliedly decided by the appellate court," as well as "issues decided by the district court but foregone on appeal." <u>United States v. Bell</u>, 5 F.3d 64, 66 (4th Cir. 1993). We find the district court properly limited its decision on remand to resentencing on the firearm enhancement.

After <u>Booker</u>, courts must calculate the appropriate guideline range, consider the range in conjunction with other relevant factors under the guidelines and 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2005), and impose a sentence. If the court imposes a sentence outside the guideline range, it must state its reasons for doing so. <u>United States v. Hughes</u>, 401 F.3d 540, 546 (4th Cir. 2005) (citing <u>Booker</u>, 543 U.S. at 258-61). The sentence must be "within the statutorily prescribed range and . . . reasonable." <u>Id.</u> at 546-47. A sentence imposed within a correctly calculated guideline range is presumptively reasonable. <u>United</u>

<u>States v. Green</u>, 436 F.3d 449, 457 (4th Cir. 2006).  At Hammonds' resentencing, the district court calculated the advisory guidelines range, made a finding of fact regarding the firearm enhancement, that was amply supported by the record, noted it had considered the statutory sentencing factors, and concluded the imposed sentence was reasonable.

We affirm Hammonds' sentence, as the reasoning and decision making by the district court on remand fall well within the boundaries of reasonableness.  As constrained by the mandate rule, we have, as required by <u>Anders</u>, reviewed the record and have found no meritorious issues for appeal.  This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review.  If the client requests that a petition be filed, but counsel believes such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on the client.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>